UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA O'BRIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV1094 CDP |
| | ) | |
| THE ST. LOUIS PUBLIC SCHOOLS | ) | |
| DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Veronica O'Brien served as president of the elected St. Louis School Board.

The Board agreed to indemnify her and pay her costs of defense relating to a

lawsuit brought by a former school district employee. After the Special

Administrative Board (SAB) took over the district, it decided not to indemnify her

or continue paying her attorneys fees. She brings this suit against the St. Louis

Public School District, the SAB, and three members of the SAB, Richard Sullivan,

Melanie Adams, and Richard Gaines. She alleges that the defendants' decision to

terminate the indemnification was retaliation for her exercise of her First

Amendment rights. She seeks a declaratory judgment and also brings damages

claims under 42 U.S.C. § 1983 and under Missouri law theories of prima facie tort

and breach of contract.

I will grant defendants' motions for summary judgment only in part.

O'Brien concedes that the prima facie tort claim (count IV) against the District and

the SAB is barred by sovereign immunity, and so I will grant summary judgment

on Count IV as to those defendants. I will deny it as to the individual defendants

in both their individual and official capacities. I will also deny the motion as it

relates to Counts II and III (§ 1983) and Count V as to all defendants. In my

discretion I will dismiss without prejudice the declaratory judgment claim, Count

I.

### Facts

Veronica O'Brien was the president of the elected School Board of the St.

Louis Public School District. After the state of Missouri appointed the Special

Administrative Board to run the district, O'Brien made public statements that were

critical of actions taken by the SAB and by defendant Sullivan.

O'Brien had previously been sued by a former employee, and the elected

board had agreed to indemnify her and pay her attorneys' fees in that lawsuit,

subject to a reservation of rights. The reservation of rights related to whether her

actions at issue in the lawsuit were within the scope of her duties as the board's

president. The board meeting minutes reflected the decision, but there was no

other written contract.  The board made payments to O'Brien's counsel as the lawsuits were proceeding.

After the SAB took over the District, and after O'Brien publicly and privately criticized Sullivan, the SAB decided to stop paying O'Brien's attorneys fees and withdrew the indemnification.  The SAB had obtained an opinion of counsel stating that it was not obligated to indemnify O'Brien.

## **Discussion**

*Count I – Declaratory Judgment*

Count I seeks a declaration that defendants must pay O'Brien's attorneys fees and expenses.  O'Brien's counsel have conceded that the claim is in essence a claim for money damages.  The other counts of O'Brien's Complaint seek directly the very relief she seeks indirectly through this claim.  Although the law allows a court to issue a declaratory judgment even if other relief could be sought or other remedies are available, *see* Fed. R. Civ. P. 57, *see also* 28 U.S.C. § 2201, the law does not require the court to do so, *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Cincinnati Indem. Co. v. A & K Const. Co.*, 542 F.3d 623, 625 (8th Cir. 2008).

Consideration of a declaratory judgment claim in this case serves no purpose and would be a waste of judicial resources. I will, therefore, dismiss Count I without prejudice.

*Counts II and III – First Amendment Retaliation*

Count II seeks recovery against all defendants under 28 U.S.C. § 1983 based on O'Brien's allegation that the decision to rescind the indemnification and payment of attorneys fees was taken in retaliation for O'Brien's exercise of her first amendment rights – her public criticism of certain defendants. Count III is a claim for conspiracy to violate § 1983 based on the same facts.

I disagree with defendants' argument that the undisputed facts show there was no retaliation. Defendants say that the undisputed evidence shows they based their decision on an opinion of counsel. That opinion stated that the allegations of the underlying lawsuits did not relate to the scope of O'Brien's duties, and so the SAB was not required to indemnify O'Brien. O'Brien has presented sufficient evidence from which a jury could find that this was not, in fact, the reason for the decision. There is evidence that certain relevant facts were withheld from the lawyer, and there are questions surrounding his retention and whether he was selected because he could be expected to provide the opinion requested by

defendant Sullivan. This case presents many credibility issues, and so disputes of fact remain to be decided on the § 1983 claims.

I also conclude that defendants' legal arguments do not warrant the grant of summary judgment. Defendants argue that the District and the SAB are not "persons" suable under § 1983, but the authority they cite does not support this argument. Under Eighth Circuit precedent, local school districts are "persons" within the meaning of § 1983. *See Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.3d 1303, 1306 n. 2 (8th Cir. 1997) (citing *Keckeisen v. Indep. Sch. Dist. 612*, 509 F.2d 1062, 1065 (8th Cir. 1975) (holding that school districts are "within the meaning of 'persons' for the purposes of § 1983")); *see also C v. Missouri State Bd. of Educ.*, No. 4:08cv1853 HEA, 2009 WL 2928713, at *4-5 (E.D. Mo. Sept. 8, 2009) (citing *Thelma D. ex. Rel. Delores A. v. Bd. of Educ.*, 934 F.2d 929, 932 (8th Cir. 1991) (holding that local government entities, like a school board, are subject to § 1983 liability under a *Monell* theory)); *Wooten v. Pleasant Hope R-VI Sch. Dist.*, 139 F.Supp. 2d 835, 840 (W.D. Mo. 2000) (citing *Keckeisen*, 509 F.2d at 1065). The only case on point regarding a special administrative board like the one here is *Stodghill v. Wellston Sch. Dist.*, No. 4:05CV1417CEJ, 2006 WL 2673130 (E.D. Mo. Sept. 18, 2006), *rev'd on other grounds* 512 F.3d 472 (8th Cir. 2008). In that case Judge Jackson concluded that a special administrative board,

like a local district, is a person for § 1983 purposes.  I agree with her thorough

analysis, and note that the Eighth Circuit's reversal on qualified immunity grounds

did not reject Judge Jackson's reasoning on this point in any way.

Similarly, I believe that genuine disputes exist that preclude summary

judgment on O'Brien's § 1983 claims against the District, the SAB, and the

individuals in their official capacity.  The rules for municipal liability as set out in

*Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658 (1978), and its progeny apply to the

District and the SAB.  Generally, municipal liability may only be imposed if an

"action pursuant to official municipal policy of some nature caused a

constitutional tort."  *Id*. at 691.  However, a public official's single incident of

unconstitutional activity can establish the requisite policy if the decision is "taken

by the highest officials responsible for setting policy in that area of the

government's business."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123

(1988).  Where, as here, there is no explicit policy, a showing of "deliberate

indifference" may also be sufficient to impose municipal liability.  As the Eighth

Circuit stated in *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir.

2010):

> Such a showing requires either the existence of a municipal policy
> that violates federal law on its face or evidence that the municipality
> has acted with "deliberate indifference" to an individual's federal
> rights.  *See Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404-07,

117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *City of Canton*, 489 U.S. at 388-89, 109 S.Ct. 1197.

On the record before me, I cannot conclude that O'Brien will be unable to meet this standard.

Similarly, I reject the defendants' argument that they cannot be held liable for conspiracy merely because they deny having conspired. Genuine disputes of fact remain, and I will deny the motion for summary judgment on Counts II and III.

*Count IV – Prima Facie Tort*

O'Brien concedes that sovereign immunity precludes her prima facie tort claim against the district and the SAB, but she argues that the claim survives summary judgment against the individual defendants in both their official and individual capacities.

The elements of a claim of prima facie tort are: (1) an intentional lawful act by the defendant; (2) intent to cause injury to the plaintiff; (3) injury to the plaintiff; (4) an absence of any justification or an insufficient justification for the defendant's act. *Porter v. Crawford & Co.*, 611 S.W.2d 265, 268 (Mo. Ct. App. 1980). "[I]n order for a claim in prima facie tort to lie, plaintiff must offer proof 'of an "actual intention" to injure, not merely an intent to do the act which may result in the claimed injury'." *Thomas v. Special Olympics Mo., Inc.*, 31 S.W.3d

442, 450 (Mo. Ct. App. 2000). To prove actual intent, plaintiff must show actual

malice. *Id.*

Official immunity, which the individual defendants contend applies to the

claim against them in their official capacities, does not apply if government

officials act with bad faith, *Angelina Casualty Co. v. Pattonville-Bridgeton*

*Terrace Fire Prot. Dist.*, 706 S.W.2d 483, 484 (Mo. Ct. App. 1986), nor does it

apply if the conduct violated a "clearly established statutory or constitutional right

of which a reasonable person would have known," *Rustici v. Weidemeyer*, 673

S.W.2d 762, 772 (Mo. banc 1984). To prove her prima facie tort claim O'Brien

will be required to prove intent to cause an injury, which, as set out above,

requires proof of actual malice. *Thomas*, 31 S.W.3d at 450. If O'Brien can prove

actual malice, that would be the equivalent of proving bad faith; thus, establishing

a case of prima facie tort appears to automatically defeat a claim of official

immunity. Whether O'Brien can prove these things, of course, remains to be seen.

Although there are apparently no cases in Missouri where a plaintiff has

actually gone to trial and recovered a judgment for prima facie tort, *see Overcast v.*

*Billings Mut. Ins. Co.*, 11 S.W.3d 62, 67 n. 4 (Mo. banc 2000), I cannot conclude

that defendants are entitled to a judgment as a matter of law. If the jury believes

O'Brien instead of defendants, they might find that defendants acted in bad faith. I must therefore deny summary judgment on this claim.

*Count V – Breach of Contract*

Under Missouri law, a school district cannot "make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law," signed, dated when made, and in a writing signed by those with authority. Mo. Rev. Stat. § 432.070. Defendants argue that because there is no signed contract obligating them to indemnify O'Brien, her contract claim must fail.

Missouri courts have found that "substantial compliance" may be sufficient to meet the requirements of § 432.070. The seminal case in this area of substantial compliance is *First Nat'l Bank of Southland v. Southland Sch. Dist. R2*, 319 S.W.2d 570 (Mo. 1958). In *First National*, the school district had borrowed money on three separate occasions from a bank to support its operations, which it paid back once it was distributed its share of tax dollars. On each occasion, the board voted to borrow a certain amount, the cashier at the bank examined the board meeting minutes and issued a check, the school district deposited the check, and then the school district used the funds to pay for public school purposes. At some point, the district began to argue that it did not have the express or implied authority to have entered into the loan transaction and it had not entered into a

written agreement with the bank, so the alleged loan agreement was invalid and unenforceable. The court found that, although the school board was not authorized to borrow money in the manner it had done, it was authorized to incur indebtedness for public school purposes, and "the minutes of the school board and the bank's corresponding records comprise the contract 'in writing' . . .." It therefore required the school district to repay the loans.

The United States Court of Appeals for the Eighth Circuit has cited to *First National* as recently as last year in *Porter v. City of Lake Lotawana*, 651 F.3d 894 (8th Cir. 2011) when it held that, although the requirements of Missouri Revised Statute § 432.070 can be met with substantial compliance, a board was entitled to summary judgment in a teacher's wrongful termination suit because the teacher had failed to produce a written contract or board meeting minutes confirming her employment. *First National* and *Lynch v. Webb City Sch. Dist. No. 92*, 418 S.W.2d 608 (Mo. Ct. App. 1967), demonstrate that Missouri courts will find substantial compliance when there was legal authority, a vote of the majority of the board, and a contract signed by the plaintiff.

Here, the parties do not dispute that the elected board had authority to grant O'Brien defense and indemnification. The Board's attorney was consulted and concluded that payment was appropriate. The minutes of the elected board reflect

a majority vote of those authorized agreed to pay, and the board actually made payments of attorney's fees until it was disbanded. O'Brien has shown that there were several writings referencing the agreement and provided documentation evidencing actual payments. The record before me is sufficient to show substantial compliance with § 432.070.

Defendants also argue that the breach of contract action must fail because the agreement to pay was subject to a reservation of rights. The parties appear to agree that the defendants could have stopped paying if it turned out that the underlying lawsuit did not involve O'Brien's actions as a board member. Although the SAB obtained an opinion of counsel that the allegations did not relate to her official duties, the earlier lawyer representing the school district apparently reached the opposite conclusion. As alluded to above, the SAB's new opinion came from a lawyer who was never officially retained by the SAB, who testified that as an accommodation to Sullivan he provided the legal services without charge and without opening a client account at his firm or recording the time he spent. Additionally, he was given only the state-court petition and was told only that Sullivan was getting "conflicting opinions" about whether the SAB had to identify. He was not told specifically that the earlier counsel had determined that the allegations were within the scope of O'Brien's duties, nor was

he told that the district had already been paying the fees. Given all these questions, defendants are not entitled to summary judgment on the contract claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [# 70] is granted only as to the prima facie tort claim (count IV) against the St. Louis Public School District, and the SAB; the motion is denied in all other respects.

**IT IS FURTHER ORDERED** that the Court declines to exercise jurisdiction over the declaratory judgment claim, and so Count I is dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file surreply [#82] is denied, and I have not considered the surreply in reaching this decision.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of April, 2012.