UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERONICA O'BRIEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-1094 CDP |
| ) | |
| ST. LOUIS PUBLIC SCHOOLS ) | |
| DISTRICT, et al., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

After a jury found in defendants' favor and a final judgment was entered, defendants filed a Motion for Bill of Costs. After receiving no objections, the Clerk of Court taxed those costs against plaintiff Veronica O'Brien on October 1, 2012, in accordance with Local Rule 54-8.03(A). Two days later, O'Brien filed a Motion for Review of and Reduction to Defendants' Bill of Costs, arguing that some of the costs taxed are not permitted under 28 U.S.C. § 1920.

Defendants oppose O'Brien's motion as untimely. Local Rule 54-8.03(A) provides, in relevant part, that:

> Each party objecting to a bill of costs shall file, within fourteen (14) days of being served, a memorandum stating specific objections. . . . The Clerk shall tax costs as claimed in the bill if no timely objection is filed.

Defendants argue that any objections filed outside this fourteen-day period are untimely and should not be considered.

O'Brien responds that Fed. R. Civ. P. 54(d)(1) allows a party objecting to a Bill of Costs to do so after costs are taxed. That Rule provides, in relevant part:

> The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

I agree that Rule 54(d)(1) gives the court the discretion to review motions filed within seven days of the time the costs are taxed, and so I will consider O'Brien's objections. *See McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985) (acknowledging that a party may make a timely motion for review of an award of costs under Rule 54(d)).

O'Brien argues that the costs of certain transcripts, in addition to costs for a demonstrative exhibit, binders, and exhibit tabs, are not taxable under 28 U.S.C. § 1920. I find that the demonstrative exhibit, as well as the transcripts for the motion hearing and O'Brien's cross-examination, were necessarily obtained for use in the case because of O'Brien's extraordinary credibility issues, and therefore are appropriately taxed under 28 U.S.C. § 1920. *McDowell*, 758 F.2d at 1294 (costs of transcripts necessary for use are taxable); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428–29 (7th Cir. 2000) (fees for necessary exemplification are taxable). But I also find that the transcript of the pre-trial conference, at which O'Brien did not testify, was not necessary in this case and was, at most, obtained

for defendants' convenience. *McDowell*, 758 F.2d at 1294. In addition, binders and exhibit tabs are not a taxable cost under 28 U.S.C. § 1920. I will therefore disallow the claim of $431.65 for the pre-trial conference transcript and the claim of $26.90 for the binders and exhibit tabs, and will otherwise deny the motion.

Based on the foregoing,

**IT IS HEREBY ORDERED that** Plaintiff's Motion for Review of and Reduction to Defendants' Bill of Costs [#143] is **GRANTED IN PART** as set out above.

**IT IS FURTHER ORDERED that** Plaintiff's Motion to File Out of Time, If Necessary [#145] is **DENIED** as moot.

**IT IS FINALLY ORDERED that** the Clerk of Court shall tax the following costs in favor of St. Louis Public Schools District, et al., and against Veronica O'Brien:

| | |
|---|---|
| Fees of the Clerk | $350.00 |
| Fees for transcripts necessarily obtained | $3738.45 |
| Witness fees | $15.00 |
| Fees for exemplification and copies | $175.87 |
| ***TOTAL TAXABLE COSTS*** | ***$4279.32*** |

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2012.